IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MICHELE LEE PACHECO,

       Plaintiff,

v.                                             CIV. NO. 13-848 GBW

CAROLYN W. COLVIN, *Acting
Commissioner of the Social Security
Administration*,

       Defendant.


**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**

       This matter is before the Court on Plaintiff's Motion for Attorney's Fees.  *Doc. 29.*

On October 6, 2014, this Court granted Plaintiff's Motion to Reverse and Remand the

Commissioner's denial of social security disability benefits and remanded this action to

the Commissioner.  *Doc. 28*.  Plaintiff filed the instant Motion for Award of Attorney's

Fees and Costs Under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, on

October 28, 2014.  *Doc. 29*.

    I.    **STATEMENT OF LAW**

       The EAJA states that "a court shall award to a prevailing party . . . fees and other

expenses . . . incurred by that party in any civil action (other than cases sounding in

tort), including proceedings for judicial review of agency action[.]"  28 U.S.C. §

2412(d)(1)(A).  The burden falls on the party requesting attorney's fees to establish the

reasonableness of both an attorney's hourly fee and the number of hours worked.

*Hensley v. Echerhart*, 461 U.S. 424, 437 (1983); *Sommerville v. Astrue,* 555 F. Supp. 2d 1251,

1253 (D. Kan. 2008).  Ultimately, "the amount of the attorney's fee to be awarded is a

decision that lies within the Court's discretion."  *Myer v. Barnhart*, No. 04-4077, 2005 WL

3084898, at *1 (D. Kan. Nov. 3, 2005).

## II.   ANALYSIS

Plaintiff has requested $9,915.95 in EAJA fees for 52.55 hours of work—eight

hours billed at the 2013 rate of $187 per hour, and 44.55 hours billed at the 2014 rate of

$189 per hour.  *Doc. 29* at 1, Ex. 1.  The Commissioner does not dispute that Plaintiff is

the prevailing party, but opposes the motion on the grounds that the amount requested

is excessive.  In particular, the Commissioner opposes awarding fees for hours that

were not billed to the client and for time that was spent performing purely clerical

tasks.

### A.  Reasonableness of Plaintiff's Attorney's Claimed Hours

Defendant first argues that Plaintiff's counsel spent an unreasonable amount of

time on this case (52.55 hours), because "[n]one of the issues were novel" and "[d]istrict

courts have found that the typical number of hours claimed in an EAJA application for

a 'straightforward' disability case is between 30 and 40."  *Doc. 30* at 3.  The

Commissioner requests that the Court approve fees in the amount of $7,000 only.

2

Plaintiff maintains that the hours her attorney billed were reasonable in light of the "attention to detail" given to Plaintiff's case and the "professionalism" with which the case was handled.  *Doc. 31* at 1.  The Commissioner, for her part, does not point to any particular task that took Plaintiff's attorney an unreasonable amount of time to complete.  Nor does the Court identify any.  Moreover, while the Commissioner claims that Plaintiff's case was straightforward, she "does not illustrate what constitutes a 'straightforward' disability case, nor whether this case in fact meets the criteria of one." *Myer*, 2005 WL 3084898, at *2 (upholding 50.55 hours in attorney's fees).

Having reviewed the record, the Court concludes that the number of hours Plaintiff's attorney billed was reasonable.

**B.  Objections to Particular Items on Plaintiff's Attorney's Declaration of Time**

*1. Attorney's Fees for "No Charge" Items*

The Commissioner argues that Plaintiff should not receive attorney's fees for "hours that Ms. Lopez would not properly bill to her client."  *Doc. 30* at 2.  Plaintiff correctly points out that her attorney did not, in fact, request reimbursement for items that were not billed.  *Doc. 31* at 1.  The time spent performing these "no charge" items— "Note notice filed in error," "Note IFP Order," and "Note motion and order re sealing record"—was not included in Plaintiff's counsel's total billed hours.  *Doc. 29*, Ex. 1 at 1-3.

3

Similarly, Defendant contends that "[t]he Court does not have to compensate Ms. Lopez for providing 'canned' material." *Doc. 30* at 3. Plaintiff's counsel responds that she did not charge for time spent on "cut and paste material," such as the opening standard and review paragraphs of her brief. *Doc. 31* at 1.

Because Plaintiff did not request compensation for the above "no charge" items, the Commissioner's objection on this point is overruled.

### 2. *Attorney's Fees for Clerical Work*

The Commissioner next argues that Plaintiff's attorney should not be reimbursed for purely clerical tasks, and the Court finds this argument well-taken. While there is a "gray area" of tasks that may appropriately be performed by either an attorney or a paralegal, purely clerical or secretarial tasks are generally not compensable. *Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989); *see also Gatson v. Bowen*, 854 F.2d 379, 381 (10th Cir. 1988) (remanding case to district court to resolve billing disputes, and noting that some of the hours billed "appear to be clerical rather than legal").

Plaintiff contends that "[t]he nature of the practice of law has changed since the pervasive use of computers," and attorneys should therefore be compensated fully for tasks such as calendaring and filing that have traditionally be considered clerical. While it may be true that attorneys perform more clerical tasks today than they did in the past, Plaintiff cites no authority for the proposition that her attorney should be compensated for this type of work. The mere fact that clerical tasks may be performed

4

by attorneys rather than support staff does not make them compensable under the EAJA. *See Gough v. Apfel*, 133 F. Supp. 2d 878, 881 (W.D. Va. 2001) ("Purely clerical activities, regardless of who performs them, are considered overhead and are not compensable as EAJA attorney fees.").

The Court agrees that Plaintiff's counsel has billed for certain tasks that are purely clerical. However, the Court disagrees with the Commissioner's assessment of the item "Download, organize and review transcript" as clerical. Reviewing portions of the record, such as the transcript, is a legitimately compensable activity, and the Court agrees with Plaintiff that "organizing" it "so that it make[s] sense [to the attorney] and is workable" is also legitimate work product. Spending up to an hour organizing and reviewing the transcript is far from unreasonable, and I therefore find that Plaintiff should receive full compensation for this item.

Accordingly, the Court will deduct the time billed by Plaintiff's attorney for purely clerical tasks (totaling 0.8 hours in 2013 and 0.2 hours in 2014)[1] from her Declaration of Time.

### 3. *Attorney's Fees for Plaintiff's Reply to the Instant Motion*

Finally, Plaintiff requests that her attorney be compensated for time spent in preparing the Reply to Commissioner's Response to Plaintiff's Motion for Attorney's

---

[1] "Note MJ assignment," "Note Defendant's consent," "Note notice of consent," "Note Return of Sevice [sic] (3)," "Note Appearance of USA," "Note Appearance of SSA counsel," and "Note order setting briefing schedule." *Doc. 21*, Ex. 1 at 1-2.

fees.  Specifically, Plaintiff requests an additional $141.75 for 0.75 hours spent reviewing and replying to the response.  The Court agrees.

The Court recognizes the importance of the Commissioner's role in attempting "to uphold the EAJA's fundamental purpose of minimizing costs to the taxpayer." *Doc. 30* at 4.  However, the Court ultimately found cause to deduct only a single hour from the 52.55 hours Plaintiff's counsel billed.  Moreover, the Commissioner challenged hours that were not billed, having not taken the time to properly review Plaintiff's counsel's declaration of time.  Plaintiff's attorney was therefore manifestly justified in replying to the Commissioner's response, and is entitled to attorney's fees for this work.  The Court finds that 0.75 hours is a reasonable amount of time to review Defendant's response and prepare a reply, and will award attorney's fees accordingly.

## III.   CONCLUSION

In accordance with the Court's findings above, 0.8 hours shall be deducted from Plaintiff's counsel's Declaration of Time for clerical work performed in 2013, resulting in a total of 7.2 billed hours.  Further, a net 0.55 hours should added to Plaintiff's 2014 hours (0.75 for preparing the reply minus 0.2 for one clerical item), resulting in a total of 45.1 hours.

IT IS THEREFORE ORDERED that Plaintiff is entitled to a total of $9,870.30 in attorney's fees—7.2 hours at the rate of $187 per hour in 2013, and 45.1 hours at the rate of $189 per hour in 2014.

IT IS FURTHER ORDERED that, if Plaintiff's counsel receives attorney's fees under both the EAJA and 42 U.S.C. § 406(b) of the Social Security Act, Plaintiff's counsel shall refund the smaller award pursuant to *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

_____

GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE
**Presiding by consent**